IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| JEFFREY KONO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KILOLO KIJAKAZI, *Acting Commissioner of Social Security*,<br><br>　　　　Defendant. | Case No. 22-cv-00297-DKW-WRP<br><br>**ORDER (1) GRANTING APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS, AND (2) DIRECTING SERVICE OF THE COMPLAINT**[1] |

Plaintiff Jeffrey Kono, proceeding through his attorney Diane C. Haar, moves for leave to proceed without prepaying fees or costs in this social security appeal ("IFP Application"). Dkt. No. 3.

I.　**IFP Application**

Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that demonstrates an inability to pay. *See* 28 U.S.C. § 1915(a)(1). While Section 1915(a) does not require a litigant to demonstrate absolute destitution, *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948), the applicant

---

[1] The Court finds these matters suitable for disposition without a hearing pursuant to Local Rule 7.1(c).

1

must nonetheless show that he is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a).

Here, Kono has made the required showing under Section 1915(a). In the IFP Application, Kono states that he receives $388 per month in government disability benefits, along with $434 per month in food stamp benefits. Dkt. No. 3 at 1. He offers that all of his food stamp benefits are used for food. *Id.* at 2. Kono further states that he has $123.42 in a checking or savings account and an inoperable 1998 Jeep Wrangler worth about $1,800. *Id.* He represents that he has monthly expenses of $257 for rent and $40 for telephone, along with expenses for transportation and basic necessities. *Id.*

In light of these figures, once his monthly expenses are taken into account, Kono would not have the means to pay the filing fee for this action while still being able to afford the necessities of life. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234–36 (9th Cir. 2015).[2] In addition, Kono has insufficient assets to provide security. As a result, the Court GRANTS the IFP Application, Dkt. No. 3.

## II.   Service

Because Kono has been granted leave to proceed *in forma pauperis*, and because his claims have not been dismissed, the Court finds that service of the

---

[2]Based upon the information provided in the IFP Application, after deducting solely his monthly rent and telephone expenses, Kono would have roughly $91 per month in (non-food stamp) income left over to cover life's other necessities, rendering him unable to pay the $402 filing fee for this action.

summons and Complaint is appropriate.[3]  *See* Fed. R. Civ. P. 4(c)(3).  To facilitate service, the Court ORDERS as follows:

1. The Clerk's Office is directed to send to Plaintiff: one copy of the Complaint, Dkt. No. 1; one summons; one USM-285 form; one Notice of Lawsuit and Request for Waiver of Service of Summons form (AO 398); two (2) Waiver of Service of Summons forms (AO 399); an instruction sheet; and a copy of this Order.  The Clerk shall also send a copy of this Order to the U.S. Marshal.

2. Plaintiff shall complete the forms as directed and submit the following documents to the U.S. Marshal in Honolulu, Hawaii: a completed USM-285 form; a copy of the Complaint; the summons; a completed Notice of Lawsuit and Request for Waiver of Service of Summons form (AO 398); and two (2) completed Waiver of Service of Summons forms (AO 399).

3. Upon receipt of these documents from Plaintiff, the U.S. Marshal shall mail to the Defendant: a copy of the Complaint; a completed Notice of Lawsuit and Request for Waiver of Service form (AO 398);

---

[3] The Court subjects each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and can order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  At this initial stage of proceedings, and without any responsive pleading from Defendant, the Court has screened the Complaint and finds service of the same to be appropriate.

and two (2) completed Waiver of Service of Summons forms (AO 399), as directed by Plaintiff without payment of costs. *See* Fed. R. Civ. P. 4(c)(3).

4. The U.S. Marshal shall retain the summons and a copy of the Complaint. The U.S. Marshal shall also file a returned Waiver of Service of Summons form as well as any Waiver of Service of Summons form that is returned as undeliverable, as soon as it is received.

5. If Defendant does not return a Waiver of Service of Summons form within sixty days from the date that such forms are mailed, the U.S. Marshal shall:

   a. Personally serve such Defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

   b. Within ten days after personal service is effected, file the return of service for such Defendant, along with evidence of any attempts to secure a waiver of service of summons and of the costs subsequently incurred in effecting service. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the U.S. Marshal's office in photocopying additional copies of the summons and the Complaint and for

        preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served Defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2).

6. If Kono does not wish to use the U.S. Marshal for service, he may serve Defendant on his own, in compliance with Rule 4 of the Federal Rules of Civil Procedure.

7. Kono is cautioned that if he fails to comply with this Order and his non-compliance prevents timely and proper service as set forth in Federal Rule of Civil Procedure 4(m), this action is subject to dismissal for failure to serve.

8. After service of the summons and Complaint, whether accomplished on his own or with the services of the U.S. Marshal, Kono must serve on Defendant or, if applicable, Defendant's attorney a copy of all further documents he submits to the Court. The U.S. Marshal is not responsible for serving these documents on Plaintiff's behalf. Kono shall include, with any original paper filed with the Clerk of Court, a certificate stating the date that a copy of the document was served on Defendant or Defendant's counsel, and the manner in which service was accomplished. Any paper received by a District or Magistrate

Judge that has not been filed with the Clerk of Court or that does not include a certificate of service will be disregarded.

9. Kono is further notified that he must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaiʻi throughout all proceedings in this Court.

IT IS SO ORDERED.

Dated: July 13, 2022 at Honolulu, Hawaiʻi.



Derrick K. Watson
United States District Judge

---

*Jeffrey Kono v. Kilolo Kijakazi*; Civil No. 22-00297 DKW-WRP; **ORDER (1) GRANTING APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS, AND (2) DIRECTING SERVICE OF THE COMPLAINT**